# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | |
|---|---|
| **HILARIO GONZALEZ-BALDERAS** | **CIVIL ACTION NO. 05-1604** |
| **VS.** | **SECTION P** |
| **J.P. YOUNG, ET AL.** | **JUDGE TRIMBLE**<br>**MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is *pro se* petitioner Hilario Gonzalez-Balderas civil rights suit[1] filed on

September 8, 2005.  Gonzalez-Balderas is an inmate in the custody of the Federal Bureau of

Prisons (BOP), and is currently incarcerated at the Federal Correctional Institute–Oakdale (FCIO)

in Oakdale, Louisiana.  Plaintiff names the following as defendants herein:  FCIO Warden J.P.

Young; South Central Regional Director Ronald Thompson; BOP Central Office-National

Inmate Appeals Division Employee Harrell Watts; and FCI-Three Rivers Warden Joe D. Driver.

This matter has been referred to the undersigned for review, report, and recommendation

in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff, formerly incarcerated at FCI-Three Rivers in Texas, alleges that his transfer to

FCIO was without due process.  He also claims that FCIO placed him in a pilot program (a

Special Management Unit) against his will.  As a result of these actions, plaintiff seeks release

---

[1]Plaintiff submitted his complaint on the forms provided for Civil Rights suits filed pursuant to 42 U.S.C. § 1983. Since § 1983 is inapplicable to federal employees and agents, and since the defendants are federal employees or agents, the court construes this claim as arising under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) which authorizes civil rights suits against federal employees or agents.

from the pilot program, transfer back to the general population at FCI-Three Rivers, and damages

for the psychological and physical injuries that he has suffered, such as paranoia.

## LAW AND ANALYSIS

### I.    Frivolity Review

When a prisoner seeks redress from a governmental entity or from an officer or employee

of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without

service of process, if it is frivolous,[2] malicious, fails to state a claim upon which relief can be

granted, or seeks monetary relief from a defendant who is immune from such relief. 28

U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A hearing

need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4

(5th Cir. 1991). A district court should be able to dismiss as frivolous a significant number of

prisoner suits on the complaint alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

District courts must construe *in forma pauperis* complaints liberally, particularly in the context of

dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such

complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.

1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds

the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a

constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*,

47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a

---

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint sufficiently establishes his theories of liability, and the court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted and accordingly recommends dismissal of the complaint.

## II.     No Constitutional Deprivation

Plaintiff alleges that his constitutional rights have been violated because he was transferred from FCI-Three Rivers to FCIO without due process and because of his placement in the Special Management Unit at FCIO.

It is well settled that prisoners do not have a constitutionally protected liberty interest in being placed in a particular institution or in their custodial classifications. *Meachum v. Fano*, 96 S.Ct. 2532 (1976); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998)*; Myers v. Dretke*, 2005 WL 2716261 (S.D. Tex. 2005). Thus, the plaintiff has failed to allege facts which rise to the level of a constitutional violation since neither his transfer to FCIO nor his placement in the Special Management Unit constitute a deprivation of a constitutionally cognizable liberty interest.[3]

---

[3]Additionally the court notes that the plaintiff has failed to allege any specific physical injuries as a result of the alleged constitutional violations. His only identified injury is of a psychological nature, and the Fifth Circuit has made it clear that in light of 42 U.S.C. §1997e(e), compensatory damages for mental or emotional injuries are

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 16th day of November, 2005.**

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

non-recoverable, absent a physical injury.   See, *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005); *Siglar v. Hightower,* 112 F.3d 191 (5th Cir. 1997); *Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999)